## MERCANTILE BANK OF THE AMERICAS, Plff.,

*v.*

## WEST PORTO RICO SUGAR CO., INC., ET AL., Dfts.

San Juan, Equity, No. 1071.

Critical Time—No Snap Judgment.
> 1. In critical times if one big concern goes to the wall others follow; and so the court will not unnecessarily take any steps tending to produce this result.

Lien in Equity—Refacción.
> 2. The fact that the statute law creates a lien and gives a legal method of enforcement does not deprive equity of the right to enforce this, as it does all other liens, by equitable procedure.

Opinion filed January 10, 1921.

Mercantile Bank v. West Porto Rico Sugar Co.

*Henry G. Molina* for plaintiff.

*Cay. Coll y Cuchi* for defendants.

HAMILTON, Judge, delivered the following opinion:

I would not want the impression to go out in any way that this court is going to take "snap judgment" in regard to any central or any business at present. Let that be understood fully. Let us start with this, that no business whatever in this Island need feel the slightest apprehension so far as this court is concerned. I appreciate the situation here in a general way, although not in detail like the bankers do. I know well enough that in critical times, if one big concern goes to the wall it is like ten pins,—others follow, one after another. So far as I can manage it the public can rely upon it that there will be no steps taken whatever that would have such a result. This is a court of justice and I would not willingly permit injustice. Of course, no one can rely upon this in order to avoid paying just debts, and paying them as promptly as circumstances allow; but no process of this court, whether for receivership or anything else, can be invoked to cause a state of panic. I would have to be mandamused, and no upper court will mandamus me to harm public interests. And I am quite sure the plaintiff in this case is not seeking any such result. That is one thing.

Now, as to this particular case, it occurs to me this way. I say it so that parties may see to what points they may direct their authorities that they have cited. This is as I understand it from the argument, without taking the papers at all. It is first-hand impression. As I understand it, this is an effort to

collect the proceeds or claim proceeds of a crop lien, here a "refacción" contract. Now that is given by statute and is to be enforced in a certain way by statute and, as I understand it, the contention is made by the defendant that the plaintiffs should restrict themselves to the method given by statute, that is to say, that they must proceed at law before they can come into equity. I understand that substantially is the contention of the defendant. Now, it may be so. My first impression, however, is the other way. I am not speaking as to this particular statute, but as to the general jurisdiction of equity. In the first place, if this was a common-law proceeding wrongly brought, I would simply transfer it from one docket to the other, and that, as I understand it, is what the defendant claims. Now, my understanding is this, that from the very beginning of the equity court, particularly within the last two centuries, equity has been the means of enforcing what are called liens, and it does not make any difference whether the law gives remedy to a lien by statute or not. If a lien exists, equity can enforce the claim by its own methods, and its own methods are of some two or three different kinds. One of these methods is receivership, and I take it that if the claim is admitted, what is the use of waiting for a judgment. If the claim is admitted in the answer, or whether formally admitted it is really implied in the answer, I take it that equity could proceed nevertheless. There is no need of waiting. Great harm might result by waiting. I understand that this claim is admitted to the extent of $37,035.94. The claim is $55,740.81. I should be inclined to enforce the equity remedy to the extent of $37,000, unless it is made to appear to me that this is one individual claim, that I could not take $37,000

Mercantile Bank v. West Porto Rico Sugar Co.

and treat it one way and wait for litigation over the other eleven. My impression is that I could enforce the contract right now to the extent of $37,000, that is to say, unless there is by receivership or any other equity method, this is in some way in the answer put at the disposition of the court. Now, the answer says defendant is willing to pay. The only way defendant can be willing to pay anything in court is to put the money in court, that is, the only way that is a substitute in any shape for a lien. So that my impression would be now that when I come to decide this, if $37,000 is admitted I would have to say that that money must be put in court or some equitable remedy would have to be pursued.

These are just my first impressions. I do not know whether they are justified or not, but you will know to what to direct your argument by brief.